IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OCAL RAY SMITH, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 7:19-cv-671 |
| v. ) | |
| ) | |
| APPALACHIAN POWER COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

COMES NOW Plaintiff, Ocal Ray Smith, II, by counsel, and notes the following objections to Defendant's Bill of Costs [Docket No. 60]:

1. **Defendant is not a prevailing party:**

At the outset, Defendant is not a prevailing party for purposes of Fed. R. Civ. P. 54(d)(1). Plaintiff brought federal claims for discrimination and retaliation pursuant to the FMLA and ADA, state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress, and discrimination / retaliation in violation of Va. Code § 40.1-51.2:1 (Plaintiff's "VOSH" claim). The Court granted Defendant's Motion for Summary Judgment with regard to Plaintiff's claims *other than* his VOSH claim (Dkt. No. 58, Paragraph 2). With regard to Plaintiff's VOSH claim, the Court used its discretion to not exercise its supplemental jurisdiction and dismissed the claim without prejudice (Dkt. No. 58, Paragraph 1), and Plaintiff has refiled the VOSH claim in state court (Exhibit 1). The bulk of the discovery in this case, and the costs Defendant now seeks, were related to the claim, which is still pending, just now in state court. Therefore, Defendant's Bill of Costs should be denied in its entirety. *Inline Connection Corp. v. Verizon Internet Servs.*, 2014 U.S. Dist. LEXIS 98072, at *4-5 (E.D. Va. July 17, 2014) (finding defendants were

not prevailing party because dismissal was for lack of jurisdiction) (citing *Robinson v. Bartlow*, 2014 U.S. Dist. LEXIS 75105, 2014 WL 2468817 at *4 (W.D. Va. June 3, 2014) (dismissal without prejudice for failure to prosecute does not confer prevailing party status))).

However, so as to not waive any objection should the Court hold otherwise, Plaintiff also objects to Defendant's Bill of Costs on the following grounds:

**2. Deposition appearance fees and transcripts costs should be reduced from $5,001.95 to $3,871.45:**

 a. Plaintiff objects to the double taxing of the costs of the depositions of Phillip Wright, Christian Beam, Gregory Scott Iroler, and April Thornton, and therefore lodges an objection to $544 for Invoice No. 3033.  Defendant has included two identical bills (with the exception of an invoice number) with no explanation for why Defendant would have to pay for the same transcripts twice, and Plaintiff is unaware of any reason why Defendant would have paid for these transcripts twice:

| 01/13/21 | Deposition(s) – Philip Wright; Christian Beam; Gregory Iroler, Sr.; April Thornton - Lisa M. Hooker, RPR Invoice #3031 | 544.00 |
|---|---|---|
|  | Deposition(s) – Philip Wright; Christian Beam; Gregory Iroler, Sr.; Aril Thornton - Lisa M. Hooker, RPR Invoice #3033 | 544.00 |

 b. Plaintiff objects to "Deposition Appearance – Ellis Financial Group LLC": $592.50.

| 03/25/21 | Deposition Appearance - Ellis Financial Group LLC | 592.50 |
|---|---|---|

This is an appearance fee for an expert witness, not a court reporter.  Recovery of witness fees, even for experts, are capped at the amount set forth in 28 U.S.C. 1821(b), $40 per day plus mileage.  Mileage is not applicable in this case as the

deposition was handled remotely. Therefore, of the $592.50, only $40 is recoverable as a cost. *Am. Heartland Port, Inc. v. Am. Port Holdings, Inc.*, 2016 U.S. Dist. LEXIS 12673, at *12 (N.D.W. Va. Feb. 3, 2016) ("The Fourth Circuit has stated that 'in this circuit a district court may not grant a witness fee beyond that provided for by other applicable statutes'" (quoting *Sevigny v. Dicksey*, 846 F.2d 953, 959 (4th Cir. 1988) (noting that district courts used to have the discretion to award expert fees for costs not addressed in § 1821, but that authority now generally is absent pursuant to the statute))).

    c.  Plaintiff objects to the taxing of the deposition transcript for Ronnie Bourne, $34, as neither party relied upon his transcript, and the ordering of his transcript, based on what was said at the deposition (or the lack thereof), was not reasonably necessary for preparation for trial at the time it was ordered.

| Copy of Transcript: Ronnie L. Bourne - 17 pp | 34.00 |
|---|---|

3. **Defendant has failed to provide adequate support for its request for $380.76 for printing costs, and the request should be denied:**

Defendant has failed to provide adequate support for why it printed 9,519 pages of documents in this case, and Plaintiff, therefore, objects to the taxing of the costs of printing in this matter.

| DESCRIPTION | AMOUNT |
|---|---|
| .04 per page (black & white copies/color copies) 9,519 | $380.76 |
| **TOTAL IN-HOUSE COPYING/PRINTING COSTS** | **$380.76** |

9,519 pages were not printed for depositions in this case as the depositions in this matter were handled remotely, and exhibits, therefore, were also only electronically provided to

all participants. These fees, therefore, are not recoverable. *See Ferris v. AAF-McQuay, Inc.*, 2008 U.S. Dist. LEXIS 13591, at *4 n.3 (W.D. Va. Feb. 21, 2008) (copying fees that are merely for the convenience of counsel are not taxable).

4. **Defendant has failed to demonstrate that it obtained transcripts of audio recordings for use at trial of this matter, and the request for $757.25 should, therefore, be denied:**

Plaintiff objects to the transcription costs for audio recordings as Defendant failed to produce those transcripts in discovery, necessarily meaning they were not created for use at trial as they could not be used at trial if they were not produced in discovery. Fed. R. Civ. P 37(c)(1).

| DAT/E | DESCRIPTION | AMOUNT |
|---|---|---|
| 01/25/21 | Transcription Services — Planet Depos (7 recordings) | $757.35 |

5. **Costs should be stayed pending appeal:**

Plaintiff will be filing a Notice of Appeal in this matter, and therefore, to the extent the Court does not deny Defendant's Bill of Costs in full, Defendant's Bill of Costs should be stay pending appeal. *E.g.*, *Walker v. Mod-U-Kraf Homes, LLC*, 2014 U.S. Dist. LEXIS 73801, at *12 (W.D. Va. May 30, 2014) (staying costs pending appeal).

Respectfully submitted,

OCAL RAY SMITH, II

*/s/ Brittany M. Haddox*
Brittany M. Haddox, Esq. (VSB # 86416)
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Monica L. Mroz, Esq. (VSB # 65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
brittany@strelkalaw.com
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
monica@strelkalaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May 2021, I electronically filed this pleading on the Court's CM/ECF filing system which contemporaneously sent a Notice of Electronic Filing to all counsel of record.

*/s/ Brittany M. Haddox*